16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Donald M. ODAKA, Plaintiff-Appellant,
v.
George C. WELBORN, et al., Defendants-Appellees.
 No. 92-2919.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1993.*
Decided Dec. 22, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Donald M. Odaka, a prisoner of Illinois, contended in this suit under 42 U.S.C. Sec. 1983 that his custodians violated the first amendment by intercepting some sexually oriented magazines he had ordered. With the parties' consent, a magistrate judge conducted a bench trial and concluded that one guard, Elaine Lyghtle, had violated Odaka's rights. The judge awarded nominal damages of $1 and dismissed the action against the remaining defendants. Lyghtle has not appealed; Odaka contends in this appeal that he is entitled to more money, from more defendants.
 
 
 2
 The magistrate judge concluded that Odaka has not suffered any actual injury. Because compensatory damages are appropriate only to redress actual harm, see Memphis Community School District v. Stachura, 477 U.S. 299, 309 (1986), the court's treatment is appropriate. Damages are not presumed; they must be proven; and the judge did not commit clear error in concluding that Odaka had not proven any. The court similarly was entitled to conclude that plaintiff had not established the sort of conduct that justifies punitive damages under the approach of Smith v. Wade, 461 U.S. 30 (1983). That leaves nominal damages of $1 as the appropriate remedy. Carey v. Piphus, 435 U.S. 247 (1978); Hedges v. Wauconda Community Unit School District No. 118, No. 92-3779 (7th Cir. Nov. 23, 1993), slip op. 15.
 
 
 3
 The conclusion that Odaka's recovery may not exceed $1 makes it academic whether he collects this from Lyghtle or Warden Welborn. Odaka does not tell us that he anticipates trouble collecting $1 from Lyghtle. A litigant may appeal only if he has something to gain from the exercise. E.g., Warner/Elektra/Atlantic Corp. v. DuPage County, 991 F.2d 1280, 1283 (7th Cir.1993). Odaka has no realistic prospect of gaining anything by pursuing Welborn (who, the magistrate judge concluded, had no personal role in the events and therefore could not be liable). The same holds true for Odaka's current effort to obtain a judgment against Ronald E. Carey and Ron Schlief, two members of the prison's publications review committee. What is more, these two persons are not even parties to the case. Odaka's complaint names "two unknown members" of the committee; he did not amend the complaint before trial to name Carey or Schlief, and they were not served with process. They were not parties in the district court and are not parties now.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record